UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.  10cv1377 IEG (RBB) |
| Petitioner, | ) ) | |
| v. | ) ) ) | ORDER GRANTING PETITION TO ENFORCE INTERNAL REVENUE SUMMONS |
| NOEL S. CUNNINGHAM, | ) ) | |
| Respondent. | ) ) | |
| _____ | ) | |

The Government has petitioned the Court for an order enforcing the Internal Revenue Service ("IRS") Summons issued to Respondent Noel S. Cunningham ("Respondent"). On June 30, 2010, the Court issued an order to show cause why the IRS summons should not be judicially enforced. On July 6, 2010, the IRS personally served a copy of the order to show cause upon Respondent. On August 30, 2010, Respondent filed an answer in response to the order to show cause. On September 3, 2010, the Government filed a reply. On September 13, 2010, Respondent filed a reply to the Government's reply.

The hearing was held on the Government's petition on September 13, 2010, at 10:30 a.m. The Government was represented by Assistant United States Attorney Caroline J. Clark. Respondent appeared and represented himself. For the reasons explained herein, the Government's petition to enforce the summons is granted.

///

///

## BACKGROUND

On February 19, 2010, John Black, a Revenue Officer employed by the IRS, issued an IRS summons to Respondent. [Declaration of Revenue Officer John Black in Support of Petition, ("Black Decl."), ¶ 3.] The IRS is conducting an investigation regarding an erroneous refund that was paid to Respondent and Respondent's personal tax liabilities. The summons relates to the collection of Respondent's unpaid assessed federal income tax liability for the tax year 2008 and information regarding an erroneous refund paid to him. [Id.] On February 22, 2010, the IRS personally served a copy of the summons on Respondent. [Id. at ¶ 4.]

The summons ordered Respondent to appear before the IRS on March 11, 2010. On March 10, 2010, Respondent provided a written request to Revenue Officer Black to make an audio recording of his appearance. [Id. at ¶ 5.] On March 11, 2010, Respondent appeared before Revenue Officer Black and to accommodate Respondent's request, the appearance was rescheduled until March 30, 2010. [Id.] On March 30, 2010, Respondent appeared before Revenue Officer Black but he did not produce any of the testimony, books, papers, records, and other data sought by the summons. [Id.] On April 29, 2010, Respondent appeared before Revenue Officer Black in response to a letter sent by the Office of Division Counsel of the IRS. [Id. at ¶ 6-7.] Respondent again failed to provide any of the information requested in the summons. [Id.] To date, Respondent has not provided the IRS with the testimony and documents requested by the summons. [Id. at ¶ 8.]

On June 30, 2010, the Government petitioned the Court to enforce the summons. On June 30, 2010, the Court set a hearing date for this matter and ordered Respondent to show cause why he should not be compelled to comply with the IRS summons. The IRS served this order to show cause on Respondent on July 6, 2010 and filed proof of service with the Court on July 12, 2010. On August 30, 2010, Respondent filed an answer in response to the order to show cause. On September 3, 2010, the Government filed a reply. On September 13, 2010, Respondent filed a reply to the Government's reply. On September 13, 2010, the Court held a hearing on the order to show cause. ///

///

2

DISCUSSION

Pursuant to 26 U.S.C. § 7602(a)(1), the Secretary of the Treasury may "examine any books, papers, records, or other data which may be relevant of material" in connection with "ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue . . . or collecting any such liability." Section 7602(a)(1) authorizes the Secretary to issue summonses to compel persons in possession of such books, papers, records, or other data to appear and produce the same and/or give testimony.

In order to obtain judicial enforcement of an IRS summons, the United States "must first establish it's 'good faith' by showing that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose.; (3) seeks information that is not already within the IRS' possession; and (4) satisfies all administrative steps required by the United States Code." Fortney v. United States, 59 F.3d 117, 119 (9th Cir. 1995) (citing United States v. Powell, 379 U.S. 48, 57-58 (1964)). "The government's burden is a 'slight one' and typically is satisfied by the introduction by the sworn declaration of the revenue agent who issued the summons that Powell requirements have been met." Id. at 120.  Once the government has made a prima facie showing that enforcement of the summons is appropriate, the burden shifts to the Respondent to show that enforcement of the summons would be an abuse of the court's process.  Powell, 379 U.S. at 58.  The Supreme Court has characterized respondent's burden as a heavy one.  Id.

The Government's petition and Revenue Officer Black's supporting declaration satisfy all four elements of the Powell standard.  First, the IRS is conducting an investigation with respect to the collection of Respondent's unpaid assessed federal tax liabilities for the tax year 2008 and information regarding an erroneous refund he was paid.  [Black Decl., ¶ 2.]  Such an investigation is expressly authorized by 26 U.S.C. § 7602(a).  The Internal Revenue Code explicitly allows the issuance of a summons for the purpose of determining "the liability of any person for any internal revenue tax  . . . or collecting any such liability . . ." 26 U.S.C. § 7602(a).  The purpose for issuing a summons may include "inquiring into any offense connected with the administration or enforcement of the internal revenue laws."  26 U.S.C. § 7602(b).  Thus, the summons was issued for a legitimate

purpose.  Second, Revenue Officer Black has declared in his affidavit that the information requested by the summons may be relevant to the IRS determination of the collectibility of Respondent's assessed income tax liability.  [Id. at ¶ 11.]  Third, the IRS does not already possess the testimony, papers, records, and other data sought by the summons issued to Respondent.  [Id. ¶ 9.]  Finally, the IRS has followed and exhausted all required administrative steps, but Respondent has not complied with the summons.  [Id. at ¶ 10.]  Thus, the Government has made prima facie showing that it is entitled to judicial enforcement of the summons.

In his answer, his reply brief filed on the date of the hearing, and during oral arguments, Mr. Cunningham argued the IRS lacks authority to issue and enforce summonses because the citation authority has not been published in the Federal Register.  Mr. Cunningham also argued the summons violates the Paperwork Reduction Act because it does not display a valid OMB control number.  Finally, Respondent argued he is not engaged in taxable activity.  These arguments lack merit.

Notwithstanding Mr. Cunningham's arguments, Congress has imposed a tax on the taxable income of every individual, whether married or single.  26 U.S.C. § 1(a) - (e).  Congress has also granted the Secretary of the Treasury broad authority to discover and enforce individual income tax assessments.[1]  26 U.S.C. § 7601 et seq.  As relevant to this action, the statute provides as follows:

> For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of **any person** for any internal revenue tax . . . the Secretary is authorized –
>
> (1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry;
>
> * * *
>
> (3) To take such testimony **of the person** concerned, under oath, as may be relevant or material to such inquiry.

26 U.S.C. § 7602(a) (emphasis added).

Furthermore, Congress has given the district courts jurisdiction to hear petitions to enforce IRS summons.  Pursuant to 26 U.S.C. § 7604(a), "[i]f **any person** is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, the United

---

[1]  The IRS, as a delegate of the Secretary of Treasury, has the authority to issue summons to investigate a taxpayer's federal income tax liability.  United States v. Derr, 968 F.2d 943, 945 (9th Cir. 1992).

4

States district court for the district in which **such person** resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data."  (Emphasis added).  Both § 7602(a) and § 7604(a) give the IRS authority to seek information from "any person," and there is no requirement that the IRS first demonstrate that the individual has taxable income or is liable to pay a tax.

The Ninth Circuit has found that the payment of federal income taxes is not voluntary.  In re Becraft, 885 F.2d 547, 548 (9th Cir. 1989) (noting that the court "need comment on the patent absurdity and frivolity" of respondent's argument that the Constitution does not authorize Congress to implement an individual income tax); see also Wilcox v. Commissioner, 848 F.2d 1007, 1008 (9th Cir. 1988) (rejecting taxpayer's arguments that payment of taxes is voluntary and that income tax violates the Constitution).

The Federal Regulation Act, 44 U.S.C. §§ 1501-1511, does not require the IRS to publish the delegation of authority to issue summonses.  United States v. Saunders, 951 F.2d 1065, 1068 (9th Cir. 1991) (Treasury Department Orders delegating the Secretary's power to administer various aspects of the tax laws to the Commissioner are not subject to publication under the Federal Registration Act and therefore the failure to publish those orders does not impact the validity of the delegation of authority). Furthermore, the Paperwork Reduction Act does not apply to IRS requests for information in the course of its investigation.  Lonsdale v. United States, 919 F.2d 1440, 1448 (10th Cir. 1990). Thus, the arguments raised by Mr. Cunningham do not relieve him of the obligation to comply with the IRS summons.

CONCLUSION

For the reasons set forth herein, the Government's petition to enforce the IRS summons is GRANTED.  Respondent, Noel S. Cunningham, is directed to appear before IRS Revenue Officer John Black or a designee, on *October 7, 2010, at 9:00 a.m.*, at the offices of the Internal Revenue Service located at 880 Front Street, Suite 3295, San Diego, California, and to produce the documents and give testimony as directed in the summons.  The Government shall serve a copy of this Order upon Respondent in accordance with Fed. R. Civ. P. 5, within 7 days of the date that this Order is

served upon counsel for the Government, or as soon thereafter as possible.  Proof of such service shall be filed with the Clerk of Court as soon as practicable.

Respondent is hereby notified that failure to comply with this Order may subject him to sanctions for contempt of court.

**IT IS SO ORDERED.**

**DATED:  September 15, 2010**

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**

6