1
2
3
4
5
6
7
8  **UNITED STATES DISTRICT COURT**
9  **SOUTHERN DISTRICT OF CALIFORNIA**
10

11  UNITED STATES OF AMERICA,                    CASE NO. 10cv1377-IEG(RBB)

12                              Petitioner,

13          vs.                                  Order Finding Respondent in
                                                 Contempt; Staying Sanction
    NOEL S. CUNNINGHAM,

14                              Respondent.

15          Currently before the Court is the government's motion for civil contempt sanctions based

16  upon Respondent Noel S. Cunningham's failure to comply with the Court's September 15, 2010,

17  order enforcing IRS summons.  Mr. Cunningham has filed an opposition to the contempt motion,

18  and the government has filed a reply.  A hearing was held before Chief Judge Irma E. Gonzalez on

19  January 3, 2011.  Assistant United States Attorney Caroline Clark appeared on behalf of the

20  government.  Mr. Cunningham appeared on his own behalf.  For the reasons explained herein, the

21  Court grants the government's motion and finds Mr. Cunningham in contempt of court.

22                              *Background*

23          IRS Revenue Officer John Black is conducting an investigation regarding Mr.

24  Cunningham's participation in a Form 1099 Original Issue Document ("OID") scheme that

25  resulted in an erroneous refund paid to Mr. Cunningham in 2008.  Revenue Officer Black is also

26  investigating Mr. Cunningham's ability to pay the income tax liability assessed against him for the

27  year 2008.  [Declaration of Revenue Officer John Black ("Black Decl."), ¶ 2.]  In furtherance of

28  the investigation, Revenue Officer Black issued a Collection Summons on February 19, 2010.

1   [Id., ¶ 3, Exh. A.]  Revenue Officer Black personally served the Collection Summons upon Mr.

2   Cunningham on February 22, 2010.  [Id., ¶ 4, Exh. B.]  The Collection Summons required Mr.

3   Cunningham to appear in person on March 11, 2010.

4          On March 10, 2010, Mr. Cunningham appeared before Revenue Officer Black.  [Id., ¶ 5.]

5   In order to accommodate Mr. Cunningham's request to audio record the appearance, Revenue

6   Officer Black rescheduled the appearance for March 30, 2010 at 9:00 a.m.  On March 29, 2010,

7   Mr. Cunningham by letter requested a certified copy of Revenue Officer Black's commission and

8   identification, and also requested to bring two unidentified witnesses to the meeting.  [Id.]  Mr.

9   Cunningham appeared before Revenue Officer Black on March 30, 2010, but did not provide any

10  of the summoned documents.  [Id.]

11         The IRS gave Mr. Cunningham another opportunity to appear, on April 29, 2010.  Mr.

12  Cunningham again appeared on this date, but refused to provide any documents until Revenue

13  Officer Black provided the statutory authority requiring compliance.  [Id., ¶ 7.]

14         By order filed September 15, 2010, the Court rejected Mr. Cunningham's argument that the

15  IRS lacks authority to issue the summons because it has not published its own enforcement

16  authority regulations in the Federal Register.  The Court granted the IRS petition to enforce the

17  summons, and ordered Mr. Cunningham to appear before Revenue Officer Black or his designee

18  on October 7, 2010, to produce documents and give testimony as requested by the summons.

19         On October 1, 2010, Mr. Cunningham directed a letter to Revenue Officer Black,

20  indicating he would not participate in the interview until certain documentation was provided to

21  him.  [Declaration of Revenue Officer John Black in Support of Motion for Contempt Sanctions

22  ("Black Contempt Decl."), ¶ 5 and Exhibit A.]  Mr. Cunningham did appear before Revenue

23  Officer Black on October 7, 2010, along with a male witness who refused to identify himself.  [Id.,

24  ¶ 6.] Mr. Cunningham refused to participate in the interview and instead began reading the

25  October 1, 2010 letter.  Revenue Officer Black then terminated the meeting after Mr. Cunningham

26  said he would not comply with the summons.  [Id.]  Mr. Cunningham has not provided any

27  testimony or records for inspection pursuant to the IRS summons and the Court's September 15,

28  2010 order.

On October 7, 2010, Mr. Cunningham filed objections to the Court's order.  The Court construed Mr. Cunningham's objections as a motion for relief from judgment under Rule 60(b), and by order filed October 12, 2010, denied the motion.  Mr. Cunningham filed a notice of appeal on November 12, 2010, and his opening brief is due to be filed in the Court of Appeal by February 22, 2011.  Mr. Cunningham did not request that this Court stay enforcement of the order pending appeal pursuant to Fed. R. App. P. 8(a).  Mr. Cunningham filed a motion for stay in the Court of Appeals, which denied the motion by order filed December 29, 2010.

### *Legal Standard*

Before the Court can find Mr. Cunningham in contempt, the government must demonstrate:

> "(1) that [Mr. Cunningham] violated the court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order, (4) by clear and convincing evidence."

United States v. Bright, 596 F.3d 683, 694 (9th Cir. 2010) (quoting Labor/Cmty. Strategy Ctr. v. Los Angeles Co. Metro. Transp. Auth., 564 F.3d 1115, 1123 (9th Cir. 2009)).  If the government establishes a prima facie case of contempt, Mr. Cunningham may avoid sanctions "by demonstrating a present inability to comply with the enforcement order."  Id. at 696 (citing United States v. Drollinger, 80 F.3d 389, 393 (9th Cir. 1996).

The fact Mr. Cunningham has filed an appeal does not preclude this Court from finding him in contempt.  "Absent a stay, all orders and judgments of courts must be complied with promptly."  In re Crystal Palace Gambling Hall, Inc., 817 F.2d 1361, 1364 (9th Cir. 1987).  "If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal."  Maness v. Meyers, 419 U.S. 449, 458 (1975).

The purpose of civil contempt is coercive or compensatory.  Koninklijke Philips Electronics N.V. v. KXD Technology, Inc., 539 F.3d 1039, 1042 (9th Cir. 2008).  Courts have the power to impose a conditional period of imprisonment for the purpose of coercing an individual to obey its validly entered order.  Uphaus v. Wyman, 360 U.S. 72, 81 (1959).  Courts may also impose a monetary sanction either for purposes of coercing compliance or to compensate the moving party for its costs in attaining the contempt finding.  General Signal Corp. v. Donallco,

1   Inc., 787 F.2d 1376, 1380 (9ᵗʰ Cir. 1986).

2   ***Discussion***

3          The Court's September 15, 2010 order was clear and definite. It required Mr. Cunningham

4   to appear before Revenue Officer Black on October 7, 2010 at 9:00 a.m. to produce documents and

5   give testimony as directed in the summons.  Mr. Cunningham appeared before the Revenue

6   Officer, but did not give testimony or produce records as set forth in the summons.  Mr.

7   Cunningham refused to comply with the summons, asserting once again that the IRS lacks

8   authority to issue the summons because the enforcement regulation authority is not published

9   within the Federal Register.

10          In its September 15, 2010 order, the Court rejected Mr. Cunningham's argument and found

11   that the IRS has the power to administer the law by issuing administrative summonses.  Mr.

12   Cunningham has appealed the Court's order, but the order has not been stayed pending appeal.

13   Following the September 13, 2010 hearing on the government's petition to enforce IRS summons,

14   AUSA Caroline Clark provided Mr. Cunningham with a copy of Treasury Order 150-10, dated

15   April 22, 1982, by which the Secretary of the Treasury delegated to the Commissioner of Internal

16   Revenue responsibility for the administration and enforcement of the Internal Revenue laws.

17   [Declaration of Caroline Clark, ¶ 2, Exhibit B.]  Thus, the government has provided Mr.

18   Cunningham with the authority he requests and there is no basis for Mr. Cunningham's continued

19   refusal to comply with the Court's order.

20          In his opposition to the government's contempt motion, Mr. Cunningham also states in a

21   conclusory manner that he "is not in possession of said information, and therefore incapable of

22   producing such."  [Answer to Notice of Motion and Motion for Contempt, p. 6, ¶ 3; p. 10, ¶¶ 8 and

23   10.]  The order of enforcement "necessarily contained an implied finding that no defense of lack of

24   possession or control had been raised and sustained in that proceeding."  United States v Rylander,

25   460 U.S. 752, 760-61 (1983).  Mr. Cunningham bears the burden of demonstrating, in this

26   contempt proceeding, that he has a present inability to comply with the order.  United States v.

27   Drollinger, 80 F.3d 389, 393 (9ᵗʰ Cir. 1996).  The summons seeks the ordinary documents relevant

28   to establishing whether a taxpayer is able to pay an assessed tax liability: bank statements,

1   checkbooks, canceled checks, saving account passbooks, records or certificate of deposit, and

2   other similar documents for accounts held in Mr. Cunningham's name or for his benefit.  [Black

3   Decl., Doc. 2, Exhibit A.]  In his initial answer to the petition to enforce IRS summons, Mr.

4   Cunningham asserted he was not in possession of the summoned material because he "was not and

5   is not engaged in federally regulated activities, commodities or events applicable to the issuing

6   agency's statutes and their regulations."  [Answer, Doc. No. 5, pp. 10, 11,12.]  Thus, Mr.

7   Cunningham's objection was based not upon lack of physical custody and control of the books and

8   records.  Mr. Cunningham has not demonstrated he currently lacks the ability to comply with the

9   Court's order.

10                                          *Conclusion*

11          For the reasons set forth herein, the Court finds Respondent Noel S. Cunningham in

12   contempt of court for failing to comply with the September 15, 2010 order enforcing IRS

13   summons.  At the January 3, 2011 hearing, AUSA Caroline Clark represented that Revenue

14   Officer Black could meet with Mr. Cunningham on Thursday, January 20, 2011, to receive Mr.

15   Cunningham's production of documents and to obtain testimony as called for by the IRS

16   summons.  Therefore, the Court stays any sanctions flowing from the finding of contempt until

17   Monday, January 24, 2011, to allow Mr. Cunningham an opportunity to comply with the Court's

18   order.  Upon receiving notice from counsel for the government that Mr. Cunningham has

19   complied, the Court will discharge the finding of contempt.  If Mr. Cunningham fails to appear

20   before Revenue Officer Black on January 20, 2011, the Court will issue a warrant for his arrest

21   and incarceration until such time as he purges himself of the contempt.

22          **IT IS SO ORDERED**.

23   **DATED:  January 3, 2011**

24                                    **IRMA E. GONZALEZ, Chief Judge**

25                                    **United States District Court**

26

27

28